FILED
United States Court of Appeals
Tenth Circuit

May 11, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BRYAN JAMES MURPHY,
a/k/a Bryan Michael Sebesta,

    Defendant - Appellant.

No. 15-5123
(D.C. No. 4:15-CR-00101-JED-1)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Bryan James Murphy pled guilty pursuant to a written plea agreement to one

count of making a false statement to a federal agency.  The plea agreement contained

a broad waiver of appellate rights that reserved only "the right to appeal from a

sentence which exceeds the statutory maximum; and from contested sentencing

issues if the sentence exceeds six (6) months."  Mot. to Enforce, Attach. 1, at 3.  The

statutory maximum was five years; Mr. Murphy received a sentence of four months'

---

[*]    This panel has determined that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The
case is therefore ordered submitted without oral argument.  This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

imprisonment.  Despite his waiver, Mr. Murphy filed an appeal seeking to challenge his sentence.  The government then moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

An appeal waiver must be enforced if (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice."  *Id*. at 1325.  The government's motion addressed each of these factors and why they were met.

In response to the government's motion, Mr. Murphy's counsel stated that he could not discern any non-frivolous ground on which to oppose the motion and so moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967).  Counsel did identify and analyze three potential issues that he believed Mr. Murphy wanted to raise: (1) that the sentence was substantively unreasonable because it included a term of incarceration; (2) that defense counsel did not properly advocate on Mr. Murphy's behalf at the sentencing hearing; and (3) that Mr. Murphy's right of allocution was not fully vindicated because defense counsel convinced him to forego making statements to the court during his allocution.  We gave Mr. Murphy notice of his counsel's response and an opportunity to file his own response.  The deadline for doing so has long passed, and we have received no response from Mr. Murphy.

We have independently reviewed the record, *see id*. at 744, and we conclude that there is no non-frivolous defense to the government's motion.  The record

unequivocally establishes that the appeal falls within the scope of the waiver, the waiver was knowing and voluntary, and enforcing the waiver will not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325. Accordingly, we grant the government's motion to enforce and dismiss the appeal. We also grant counsel's motion to withdraw.

Entered for the Court
Per Curiam